RECEIVED

2005 JUN 21  P 3: 50

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CORY WILSON, who sues by and through his legal guardian and next friend, Judy Wilson, ERIC HOLLAND, who sues by and through his legal guardian and next friend, Sheila Holland, SHEILA HOLLAND, and SHANNON HOLLAND<br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>OFFICER TEAGUE, in his individual capacity,<br>OFFICER SMART, in his individual capacity,<br>OFFICER LUMPKIN, in his individual capacity,<br>OFFICER CRISLER, in his individual capacity, and<br>OFFICER LOWE, in his individual capacity,<br>　　　　Defendants. | Civil Case No. 2:05CV590-B<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiffs CORY WILSON, ERIC HOLLAND, SHEILA HOLLAND, and SHANNON HOLLAND, by and through their attorney of record, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiffs file this Complaint and invoke the jurisdiction of this Court under and by virtue of the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United

1

       States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the common law of Alabama to obtain declaratory and injunctive relief and compensatory and punitive damages. Defendants violated Plaintiffs' rights as guaranteed by the Constitution of the United States, by Federal law, and by Alabama law.

2. The violations of Plaintiffs' rights as alleged herein occurred in Etowah County, Alabama, and were committed within the Middle Division of the Northern District of the State of Alabama.

## PARTIES

3. Plaintiff Cory Wilson (hereinafter, "Cory") is a minor child under the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama. Eric sues by and through his legal guardian and next friend, Judy Wilson.

4. Plaintiff Eric Holland (hereinafter, "Eric") is a minor child under the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama. Eric sues by and through his legal guardian and next friend, Sheila Holland.

5. Plaintiff Sheila Holland (hereinafter, "Sheila") is a natural person over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama.

6. Plaintiff Shannon Holland (hereinafter, "Shannon") is a natural person over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama.

7. Defendant Officer Teague (hereinafter, "Teague"), a further and better denomination of whom is presently unknown to Plaintiffs despite diligent inquiry, is a natural person

believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Police Department of the City of Gadsden, Alabama, and is a person whose conduct proximately and directly harmed one or more Plaintiff. Teague is being sued individually.

8. Defendant Officer Smart (hereinafter, "Smart"), a further and better denomination of whom is presently unknown to Plaintiffs despite diligent inquiry, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Police Department of the City of Gadsden, Alabama, and is a person whose conduct proximately and directly harmed one or more Plaintiff. Smart is being sued individually.

9. Defendant Officer Lumpkin (hereinafter, "Lumpkin"), a further and better denomination of whom is presently unknown to Plaintiffs despite diligent inquiry, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Police Department of the City of Gadsden, Alabama, and is a person whose conduct proximately and directly harmed one or more Plaintiff. Lumpkin is being sued individually.

10. Defendant Officer Crisler (hereinafter, "Crisler"), a further and better denomination of whom is presently unknown to Plaintiffs despite diligent inquiry, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Police Department of the City of Gadsden, Alabama, and is a person whose conduct proximately and directly harmed one or more Plaintiff. Crisler is being sued individually.

11. Defendant Officer Lowe (hereinafter, "Lowe"), a further and better denomination of whom is presently unknown to Plaintiffs despite diligent inquiry, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Police Department of the City of Gadsden, Alabama, and is a person whose conduct proximately and directly harmed one or more Plaintiff. Lowe is being sued individually.

## NATURE OF PROCEEDINGS

12. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for their suffering as a consequence of the wrongs alleged herein.

## FACTS

13. Plaintiffs expressly adopt as if fully set forth herein the allegations in the foregoing paragraphs.

14. On or about April 9, 2005, in the evening hours, Plaintiffs Cory and Eric were attending an entertainment event at the Agricola Shopping Center on 12th Street in the city of Gadsden, Alabama.

15. During that event, Erica Holland – Eric's sister and Cory's cousin – had gotten into a verbal altercation with another minor at the event.

16. In order to contain the situation, Cory was leading Erica away from the scene of the altercation.

17. As he was doing so, he was set upon and assaulted by defendants Teague, Lumpkin, Crisler, and Smart.

18. The defendants, and each and all of them, were acting in their capacities but beyond their authority as police officers of the City of Gadsden, Alabama, and were State actors for all purposes.

19. More specifically, the defendants, acting together and in conjunction each with the other, threw Cory to the ground, handcuffed him, and the defendants, or one or all of them, began beating and kicking him.

20. As a result of the beating, Plaintiff suffered disfiguring cuts, scrapes, abrasions, lacerations, and bruises about his face and body.

21. As the beating of Cory was underway, Eric attempted to discuss with the defendants that Cory had not done anything and that Cory was simply escorting his cousin away from a place of potential danger.

22. Several of the defendants including Teague and Smart, aided, comforted, and counseled by the others, then laid hands on Eric, shoved him, choked him, and told him to go away.

23. At some point, Cory was released from the handcuffs, and he started for his car.

24. By approximately that time Eric's legal guardian, Sheila, and his mother, Shannon, had arrived.

25. Teague struck Eric several times with a baton.

26. Shannon attempted to shield Eric from further abuse, and both Shannon and Sheila began to ask the defendants why they were beating the children.

27. At that point, one of the defendants called Shannon a "fat, nigger-loving bitch," grabbed her, and threw her into her car, causing her pain and suffering.

28. Another of the defendants shoved Eric's grandmother, Sheila, at least twice, causing her pain and suffering. At that time, Sheila was telling the defendants that she only wanted to get the children and go home.

29. When Cory was finally released from the handcuffs and allowed to go, he and Eric and Erica went to their car and prepared to leave the vicinity.

30. There was no probable cause for the defendants to arrest any of the Plaintiffs.

31. There were no criminal charges filed against any of the Plaintiffs.

32. As a direct and proximate consequence of the actions hereinabove described, Plaintiffs have been damaged and injured in that each has suffered severe physical pain and damage, and great and severe emotional distress and mental anguish.

## CAUSES OF ACTION

33. As to each of the counts herein below set forth, Plaintiffs expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

### COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW 42 U.S.C. § 1983 – UNREASONABLE FORCE

34. The individual defendants are all officers and agents of the police department of the City of Gadsden; as such each is a public official and State actor.

35. The actions of the defendants and each and all of them constitute State action.

36. The defendants used unreasonable force as against Plaintiffs in that they repeatedly hit Cory on his face and other parts of his body and ground his face into the surface of the parking lot without justification or consent and both before and after Cory was handcuffed.

37. The defendants used unreasonable force as against Eric in that they repeatedly hit him with a police-issue baton without cause, justification, or consent.

38. The defendants used unreasonable force as against Shannon in that they shoved her and threw her against and into her car without cause, justification, or consent.

39. The defendants used unreasonable force against Sheila in that they shoved her and threw her against and into a car without cause, justification, or consent.

40. Plaintiffs had a right to be free from the use of unreasonable force pursuant to the guarantees of the Fourth and Fourteenth Amendments to the United States Constitution.

41. At all times material hereto the right of Plaintiffs to be free from the use of unreasonable force was clearly established.

42. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

43. Plaintiffs, and each of them, were damaged, and the damage was directly and proximately caused by the unreasonable force exercised by the defendants, as encouraged, facilitated and enabled by the conduct of the other officers present.

## COUNT II – ASSAULT AND BATTERY

44. The defendants, having the present apparent ability to commit a battery, intentionally committed an assault on each Plaintiff, putting him or her in fear of an imminent battery.

45. The defendants intentionally touched each Plaintiff without his or her consent in a rude, hostile, angry, or offensive manner, thus committing a battery against him or her.

46. Each Plaintiff was injured and damaged as a result thereof.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiffs pray for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourth, and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 USC.A § 1983;

b) Enjoin the defendants from imposing punishment as against each Plaintiff and further violating his federally protected rights;

c) Grant Compensatory damages in favor of Plaintiff Cory as against all defendants of $100,000.00;

d) Grant Punitive damages to Plaintiff Cory against all defendants in the amount of $100,000.00;

e) Grant Compensatory damages in favor of Plaintiff Eric as against all defendants of $100,000.00;

f) Grant Punitive damages to Plaintiff Eric against all defendants in the amount of $100,000.00;

g) Grant Compensatory damages in favor of Plaintiff Shannon as against all defendants of $100,000.00;

h) Grant Punitive damages to Plaintiff Shannon against all defendants in the amount of $100,000.00;

i) Grant Compensatory damages in favor of Plaintiff Sheila as against all defendants of $100,000.00;

j)     Grant Punitive damages to Plaintiff Sheila against all defendants in the amount of $100,000.00;

k)     Grant Plaintiffs the cost of this action including reasonable attorneys' fees;

l)     Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief and attorney's fees and costs, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the 20 day of June, 2005.

                                                              JAY LEWIS (LEW031)
                                                              Plaintiff's Attorney

OF COUNSEL:
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (voice)
(334) 832-4390 (fax)

**PLAINTIFFS DEMAND TRIAL BY JURY**