IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA OF
NORTHERN DIVISION

| | | |
|---|---|---|
| C.W., who sues by and through his legal guardian and next friend, Judy Wilson, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:05-cv-590-F (WO) |
| OFFICER TEAGUE, *et al.*, | ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before this court on the Motion for Change of Venue filed by the defendants on July 15, 2005 seeking transfer of this lawsuit to the United States District Court for the Northern District of Alabama. (Doc. # 5). On the same date, plaintiffs filed a response stating that they "have no objection to the motion of the defendants to transfer this action to the United States District Court for the Northern District of Alabama." (Doc. # 6). Accordingly, upon consideration of the motion, the response thereto and 28 U.S.C. § 1404,[1] it is hereby

---

[1] Section 1404(a) of Title 28 of the United States Code authorizes a district court to transfer a civil action to any other district in which it might have been brought "for the convenience of the parties and witnesses, in the interests of justice." The court faced with a motion to transfer must engage in an "individualized case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotation omitted). Courts generally consider the following factors: the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and trial efficiency. *See Folkes v. Haley*, 64 F. Supp. 2d 1152 (M.D. Ala. 1999); *Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, 932 F. Supp. 281, 282 (M.D. Fla. 1996). A district court judge may properly transfer a case to "the forum in which judicial resources

ORDERED that the motion is GRANTED.

The Clerk of the Court is DIRECTED to transfer this action to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a).

DONE this the 19th day of July, 2005.

                                                /s/ Mark E. Fuller
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

could most efficiently be utilized and the place in which the trial would be most 'easy, expeditious, and inexpensive.'" *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)), *cert. denied,* 456 U.S. 918 (1982). This Court, having carefully considered all the relevant factors, is convinced that this lawsuit should be transferred to the United States District Court for the Northern District of Alabama.